UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BILLY JOE JOHNSON, and others
similarly situated,

Case No.: 6:17-cv-414-orl-417BS

Plaintiff,

vs.

Class Representation

KAUFFMAN TIRE, INC., a foreign corporation
authorized to do business in Florida,

Defendant.
_____/

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff, Billy Joe Johnson, individually, and on behalf of others similarly situated, sues Defendant, Kauffman Tire, Inc. ("Employer" or "Kauffman") and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid wages brought under the laws of the United States of America. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA") and 28 U.S.C. §1337.

2. Plaintiff is a tire delivery driver for Kauffman and resides in Orange County, Florida. Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

3. On information and belief, Defendant Kauffman is a Georgia corporation duly licensed and authorized to do business in the State of Florida and other states and a closely held private tire and distribution company with an office and place of business in Orange County, Florida.

4. Kauffman is an "employer" within the meaning of the FLSA 29 U.S.C. §203(a).

5. Plaintiff, and others similarly situated, are at all relevant times, non-exempt employees who worked in the State of Florida and other States.

6. At all relevant times, Kauffman was an "enterprise" and had employees, including the Plaintiff, engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and had at least $500,000 of annual gross volume of sales made or business done. 29 U.S.C. § 203(s)(1)(A).

7. At all relevant times, Plaintiff, and others similarly situated, as an employee of Kauffman performed services in the State of Florida using vehicles, fuel, inventory, spare parts, protective clothing, sales forms, pencils and computers which were produced or moved in interstate commerce.

8. On information and belief, Kauffman utilized interstate or national payroll companies for processing and payment of employees' wages including those of Plaintiff.

9. Because of the foregoing, Kauffman is and was at all relevant times an "enterprise" and subject to the jurisdiction of the FLSA, 29 U.S.C. § 203(s)(1)(A).

## CLASS ALLEGATIONS

10. Johnson started working for Kauffman on March 30, 2015 as a driver responsible for making deliveries throughout the State of Florida. He is required to clock in on arrival and clock out on departure from the location of the tire warehouse. His truck is not equipped with any device which would allow him to log in or log out for periods of time he is not working during the work day and Kauffman has no device or plan whereby it accurately records the actual hours worked during the work day, including any work performed during a lunch period.

11. Johnson, and others similarly situated, worked under a plan whereby they are paid a set amount for each hour worked and time and one half for all hours over 40, except that on each work day, Kauffman automatically deducts from Johnson's hours, and the hours of those similarly situated, 30 minutes for lunch without any time recording devise to accurately record if Johnson took a 30 minute lunch or any portion thereof, without providing Johnson with any clearly communicated policy advising him that a 30 minute lunch deduction was automatic, without clearly advising him of any policy whereby Johnson could notify the company of whether he took lunch or not and without clearly advising him of any policy to challenge any automatic deduction within a reasonable time period.

12. Johnson, and others similarly situated, did not take lunch on most days and Kauffman knew or should have known that Johnson worked without any lunch break, if for no other reason than that the volume of tires he was required to deliver on a daily basis, many of the deliveries being time-sensitive, prevented him from taking a 30-minute lunch.

13. Kauffman's automatic deduction deprived Johnson and others similarly situated, of overtime pay that should have been paid but for the automatic deduction.

14. Johnson complained about the automatic deductions to three different Kauffman managers, two of whom told him he was "entitled" to take a lunch and one who told him at first, not to take lunch and then to take lunch after his shift ended. None of the managers told Johnson what he should do to accurately record his time or how to complain about the automatic deductions or advised him if Kauffman had any policy regarding automatic deductions.

15. Johnson and others similarly situated had no access to log in or log out equipment in their vehicles and Kauffman had no system whereby Drivers could advise the company on a regular or daily basis if they took lunch or worked through lunch and Kauffman made no effort

to facilitate reporting opportunities. Their lack of access to any time recording equipment on their vehicles or clear instructions on how to make daily reports to the Kauffman if they worked through their lunch breaks, is a policy-to-violate-the-policy, to the extent any policy is communicated to Drivers regarding automatic deductions from their hours for a lunch break.

16. On information and belief, many drivers were encouraged by their managers to skip lunch and were unaware that Kauffman took automatic deductions for lunch or of any policy whereby Kauffman could be advised that a Driver worked through lunch.

## ATTORNEY'S FEES

17. Johnson has engaged the services of the undersigned attorney and has agreed to pay a reasonable attorney's fees for his services.

## ENTITLEMENT TO ATTORNEY'S FEES

18. Johnson, and others similarly situated, is entitled to an award of prevailing party attorney's fees pursuant to the FLSA, 29 U.S.C. § 216(b) and other related authority.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

(Failure to Pay For All Hours Worked)

19. Plaintiff repeats and realleges paragraphs 1 through 18 as if repeated and realleged at length herein.

20. At all times during his employment, Johnson and others similarly situated, was an employee of Kauffman and required to be paid for every hour worked and time and one half for all hours over 40 in the workweek.

21. For the entire three-year period preceding the filing of this lawsuit, ("the applicable period covered by this Complaint"), Kauffman violated the provisions of

the FLSA, 29 U.S.C. §207(a) and §215(a)(2) by failing to pay Johnson, and others similarly situated, for all hours worked over 40, which includes overtime during numerous applicable pay periods by taking automatic 30 minute deductions from Johnson and others similarly situated, without providing a policy advising Drivers of the deduction, how to accurately record actual time taken for lunch, if any, or how to challenge deductions taken in a reasonable and timely manner.

22. Kauffman knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of wages for all hours worked and remains owing Johnson, and others similarly situated, overtime for every hour worked during the three-year period preceding this lawsuit for which he was not properly paid due to the practice of taking automatic deductions of 30 minutes per day without having a clear policy or an accessible time keeping system Drivers could access to record time taken or not taken for lunch periods.

## JURY DEMAND

23. Johnson, and others similarly situated, demands trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

WHEREFORE, Billy Johnson, and others similarly situated, demands the following: payment of the highest applicable wage for every hour worked by him or as much as is allowed by the Fair Labor Standards Act or the State of Florida, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and all such other relief which this Court may deem reasonable under the circumstances. Additionally, if Johnson does not recover liquidated damages as allowed, then Johnson and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Dated: March 8, 2017

        **Law Office of Constantine W. Papas, P.A.**

        _____
        Constantine W. Papas, Lead Counsel
        Fla. Bar No.: 0089974
        1277 N. Semoran Blvd. Ste 106
        Orlando, FL 32807
        Tel: (407) 347-6502
        Fax: (407) 206-3655
        E-mail: cwp@deanpapaslaw.com