UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BILLY JOE JOHNSON,

      Plaintiff,

v.                                 Case No:   6:17-cv-414-Orl-41TBS

KAUFFMAN TIRE, INC.,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Joint Motion for Approval of Unpaid Wages Settlement and Dismissal of Action *with Prejudice* in this Fair Labor Standards Act case (Doc. 20). Upon due consideration I respectfully recommend that the settlement agreement be **rejected** and the motion be **denied**.

### I. Background

Between March 30, 2015 and March 8, 2017, Plaintiff Billy Joe Johnson worked as a tire delivery driver for Defendant Kauffman Tire, Inc. (Doc. 5, ¶ 2; Doc. 20 at 4). He was paid $14 per hour for his services (Doc. 20 at 4). Plaintiff was required to clock in on arrival and clock out on departure from Defendant's tire warehouse (Doc. 1, ¶ 10). He alleges that Defendant automatically deducted thirty minutes from his work time each day for a lunch break (Doc. 20 at 4). Plaintiff claims that he rarely took a lunch break and that he did not know how to inform Defendant to change its records to compensate him for the extra thirty minutes per day (Id.). Defendant denies knowing that Plaintiff worked through his lunch break and says that its policies clearly provide an avenue to report incorrect time entries or deductions (Id.).

Defendant has agreed to pay Plaintiff $4,571.80 in wages to settle the claim (Id., at 5). This amount represents the payment to Plaintiff of $21 per hour for overtime for the 68 weeks in which he worked more than 40 hours per week; and a lesser, undisclosed amount for weeks in which he worked less than 40 hours per week (Id.). The parties represent that the amount to be paid "fully compensates Plaintiff for the time he claims he worked, but was not paid." (Id.).

The parties have agreed that Plaintiff will not receive liquidated damages (Id.). They maintain that this is appropriate because "there [is] limited evidence to support that Defendant willfully violated the FLSA or that Defendant did not act in 'good faith,' sufficient to warrant liquidated damages." (Id., at 7).

Lastly, Defendant has agreed to pay Plaintiff's attorney $5,000 in fees and costs which the parties represent, was "negotiated separately from and without regard to the amounts being paid to Plaintiff under the terms of the settlement agreement." (Id., at 8).

In return for these payments, Plaintiff has agreed to the following release:

> This Agreement shall constitute a waiver and release of all unpaid wage claims under the Fair Labor Standards Act (the "FLSA"), or any similar state or local law, Plaintiff has or might have against Defendant, its respective parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees").

(Doc. 20-1 at 2).

Plaintiff's amended complaint includes a second claim of retaliation in violation of the FLSA (Doc. 5, ¶¶ 23-31). The parties advise that they have already resolved this claim in a "confidential agreement and general release," the terms of which have not been disclosed to the Court (Doc. 20 at 1, n.1).

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under

- 3 -

the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In determining whether a settlement is fair and reasonable, courts consider the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

### III. Damages

The parties agree that under their settlement agreement, Plaintiff will be fully compensated for the time he actually worked. Full compensation is, by definition, fair and reasonable. See Ford v. Metro Corral Partners, No. 6:07-cv-1516-Orl-19KRS. 2008 WL 4936475, at *1 (M.D. Fla. Nov 17, 2008) (Because Ford will recover the full amount of FLSA compensation arguably due to him, the settlement is necessarily a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions'") (quoting Lynn's Food, 679 F.2d at 1354).

### IV. Liquidated Damages

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is

entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid minimum wages … in an additional equal amount as liquidated damages."). The award of liquidated damages in an amount equal to the amount of back pay is mandatory unless the employer can show that its actions were taken in good faith[1] and that it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008) (citing Spires v. Ben Hill Cnty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 ....'")).

"To satisfy the subjective 'good faith' component, the employer has the burden of proving that it had an honest intention to ascertain what the [FLSA] requires and to act in accordance with it." Davila v. Menendez, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991)). "'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [Act] are mixed questions of fact and law ... [That test has] both subjective and objective

---

[1] The FLSA has established a good faith defense to the award of liquidated damages:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act … the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [§ 216(b)].

29 U.S.C. § 260.

components.'" <u>Dybach</u>, 942 F.2d at 1566; <u>see</u> 29 C.F.R. § 790.22. When the employer fails to prove that it acted in both subjective and objective good faith, the award of liquidated damages is mandatory. <u>Davila</u>, 717 F.3d at 1186.

An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." <u>Hogan v. Allstate Beverage Co.</u>, 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); <u>Dees v. Hydradry, Inc.</u>, 706 F. Supp. 2d 1227, 1236 (M.D. Fla. 2010); <u>Brooklyn Sav. Bank v. O'Neil</u>, 324 U.S. 697, 70 (1945) (An employee cannot waive his right to liquidated damages in an FLSA settlement agreement when there is no genuine dispute about the employee's entitlement to liquidated damages).

Here, there is a genuine dispute concerning Plaintiff's right to receive liquidated damages. Because he was a truck driver, Defendant would not know if Plaintiff took a lunch break while on the road. Defendant had a procedure to correct employee hours which Plaintiff did not take advantage of, and Plaintiff's failure to report that he was working through lunch was a violation of Defendant's policies (Doc. 20 at 4). Under these circumstances, I find that Defendant has a persuasive argument that it acted in objective and subjective good faith. Therefore, I find that the parties' failure to include liquidated damages in their settlement is not fatal to their agreement.

### V. Attorney's Fees

Where, as here, the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to

plaintiff's counsel." Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1227, 1228 (M.D. Fla. 2009). I find no reason to question the reasonableness of the attorney's fee here.

## VI. Beneficiaries of the Settlement Agreement

In addition to Defendant, Plaintiff's release includes many other persons and entities. These non-parties are not identified, they have not signed the agreement, and no reason has been provided for their inclusion in the settlement. As District Judge Dalton observed in Arguelles v. Noor Baig, Inc., "a general release may not be used to release a non-party. Even if the parties were to cabin the release to FLSA claims, the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party." Case No. 6:16-cv-2024-Orl-37TBS (M.D. Fla. Feb. 24, 2017) (Doc. 19 at 3) (footnote omitted). Regardless of whether this Court agrees with Judge Dalton, I cannot recommend approval of this agreement unless the parties first demonstrate that Defendant provided Plaintiff a complete list, by name and address, of everyone included in the definition of the "Releasees" so that he could make a knowing and intelligent decision whether to sign the settlement agreement. For this reason, I recommend the Court reject the parties' settlement agreement.

## VII. Undisclosed Settlement Agreement

The parties cite Thompson v. Dealer Mgmt. Serv., Inc., No. 6:16-cv-1468-Orl-40KRS, 2016 WL 7644856, at *2 (M.D. Fla. Dec. 13, 2016), report and recommendation adopted 2017 WL 37941, for the proposition that "[a] settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim." (Doc. 20 at 1, n.1). Here, because the parties' agreement settling Plaintiff's retaliation claim has not been disclosed, the Court has no

- 7 -

way of knowing if it contaminates this settlement. Accordingly, I recommend the Court reject the parties' settlement agreement.

## VIII. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **REJECT** the parties' settlement agreement (Doc. 20-1) and **DENY** their joint motion for approval of the agreement (Doc. 20).

## IX. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 17, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record